[Crim. No. 44541. Second Dist., Div. Two. Feb. 17, 1984.]

THE PEOPLE, Plaintiff and Appellant, v.
ANTONIO DIVITO, Defendant and Respondent.

**COUNSEL**

Robert H. Philibosian, District Attorney, Donald J. Kaplan and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Appellant.

William Littlefield, Public Defender, Laurence M. Sarnoff, Lee Hitch and Leighton A. Nugent, Deputy Public Defenders, for Defendant and Respondent.

**OPINION**

**COMPTON, J.**—Antonio Divito was charged by information with possessing phencyclidine (PCP) for purposes of sale. (Health & Saf. Code,

§ 11378.5.) A motion to suppress evidence pursuant to Penal Code section 1538.5 was granted and the case dismissed, and as authorized by Penal Code section 1238, subdivision (a)(7), the People appeal.

The motion to suppress was submitted upon the transcript of the preliminary examination which established that at 6:15 p.m. on May 25, 1982, Los Angeles Police Officer David Avila was in uniform and travelling as a passenger in an unmarked police vehicle when he observed respondent and two other men standing on the corner of Ascot and 52d Street from a distance of 20 feet. Respondent, who had his back to the police car, "was holding something up" and the two men appeared to be examining it. Respondent's companions, immediately upon observing the police vehicle, turned and walked rapidly away. Respondent turned as well and looked in the direction of the police car. He then placed an unknown object in his right pants pocket and slowly followed his companions.

Officer Avila, who possessed extensive experience in arrests for PCP sales at this intersection and knew the area to be rife with such conduct, suspected that he had witnessed a narcotics transaction and stopped his police vehicle to investigate. As the officer approached respondent, he detected "[a] strong chemical-type odor indicative of PCP," or phencyclidine, emanating from respondent's person.[1]

Following the detection of the PCP odor, respondent was asked to turn around and place his hands behind his head. As he complied, the officer patted down the outer clothing and felt a circular object inside respondent's right trouser pocket, which he retrieved. It was "a vial containing a clear liquid with a tobacco-type substance floating about."[2] Respondent was then placed under arrest. Prior to booking, "four Sherman-type cigarettes cut in half or four halves . . . and one whole" cigarette were found in respondent's jacket pocket. In ruling upon respondent's suppression motion, the superior court concluded that the police officer had no right to "stop" or "detain" respondent prior to detection of the odor. The trial court opined that after such detection there was probable cause to arrest.[3]

---

[1]The officer's testimony was as follows: "Q. Did you approach the defendant after you got out of the car? [¶] A. Yes, I did. [¶] Q. Did you smell anything unusual? [¶] A. I did. [¶] Q. What was that? [¶] A. A strong chemical-type odor indicative of PCP. [¶] Q. Have you smelled that odor before? [¶] A. Yes, I have. [¶] Q. About how many times, sir? [¶] A. I'd say it had to be over 75 times."

[2]It was stipulated that the clear liquid contained 10 milliliters of phencyclidine.

[3]The court stated: "My problem is not with the search part. Once they smell PCP, I think they can search him. The question is can they stop and detain him."

 Appellant's contention is well taken. At the moment he stopped his police vehicle and walked toward respondent, the uniformed officer did not effect a detention. (*People* v. *Jones* (1979) 96 Cal.App.3d 820, 826 [158 Cal.Rptr. 415].)[4] Officer Avila was not constitutionally foreclosed from approaching respondent, or any other citizen, on a public street as it is beyond question that a mere "contact" or "approach" does not invoke Fourth Amendment considerations. (See *People* v. *Bower* (1979) 24 Cal.3d 638, 643 [156 Cal.Rptr. 856, 597 P.2d 115], *People* v. *King* (1977) 72 Cal.App.3d 346, 349 [139 Cal.Rptr. 926].) While the officer's reason for approaching respondent was the inchoate suspicion that he might be involved in illegal narcotics activity, the officer did not convey this suspicion to respondent nor take any action to restrict or otherwise curtail respondent's freedom of movement prior to his smelling the distinctive chemical odor about respondent's person. A detention commenced only after the officer lawfully approached respondent and detected the characteristic odor of PCP. (Cf. *Wilson* v. *Superior Court* (1983) 34 Cal.3d 777, 790 [195 Cal.Rptr. 671, 670 P.2d 325]; also see the discussion of a defendant disgorging evidence when approached by officers in *People* v. *Patrick* (1982) 135 Cal.App.3d 290 [185 Cal.Rptr. 325].)

The recent case of *People* v. *Aldridge* (1984) 35 Cal.3d 473 [198 Cal.Rptr. 538, 674 P.2d 240] which held, under the unique circumstances there present, that mere flight from the approaching officer would not justify detention, is factually distinguishable and inapplicable to the case at bench.

Having detected the presence of the distinctive odor and being cognizant of respondent's previous actions, Officer Avila reasonably suspected that contraband was present and that respondent had concealed it on his person. The officer was therefore justified in detaining and searching respondent for the malodorous contraband. (Cf. *Batts* v. *Superior Court* (1972) 23 Cal.App.3d 435, 438-439 [100 Cal.Rptr. 181].) After discovering the vial of liquid PCP in respondent's pocket which had been earlier secreted upon the officer's approach, respondent was lawfully arrested and the subsequent search prior to entry of the jail was equally lawful.[5]

---

[4]The facts herein under review were established upon the evidence presented to the magistrate, as well as the testimony of Officer Avila, and are undisputed. Under such circumstances, it is settled that "[w]hile it is generally recognized that the findings of the trial court during a suppression hearing, whether express or implied, must be upheld on appeal if supported by substantial evidence [citations], it is equally well established that where the facts bearing upon the validity of the challenged search and seizure are undisputed—as here—the question becomes one of law for the reviewing court. [Citations.]" (*People* v. *Flores* (1979) 100 Cal.App.3d 221, 228 [160 Cal.Rptr. 839].)

[5]Contrary to respondent's belated assertion, raised for the first time on appeal (*People* v. *Rogers* (1978) 21 Cal.3d 542, 547-548), the instant record fails to establish an impermissible "in-field" accelerated prebooking search. (*People* v. *Laiwa* (1983) 34 Cal.3d 711, 726.)

The order under review is reversed and the matter is remanded.

Roth, P. J., and Beach, J., concurred.