[No. A029735. First Dist., Div. Three. Aug. 27, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
CRAIG ROBERT HARRIS, Defendant and Appellant.

COUNSEL

J. Bruce Newby, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Laurence Sullivan and Matthew P. Boyle, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

WHITE, P. J.—Defendant and appellant Craig Robert Harris appeals from the judgment of the Superior Court of Santa Clara County entered after appellant pled guilty to a violation of Health and Safety Code section 11550, subdivision (b) (under the influence of PCP). Appellant contends on appeal that he was unlawfully detained.

Appellant's Penal Code section 1538.5 motion was based on the evidence taken at the preliminary hearing; accordingly, the following statement of facts is taken from the preliminary hearing transcript. Officer Chavarria was a San Jose police officer who was on patrol around 1:50 a.m. on January 13, 1984. He was flagged down by an adult citizen in another car. The person told him there was a vehicle that did not belong in the neighborhood on Yerba Buena Avenue. When the officer approached the car, he observed appellant lying back on a reclined seat, unconscious with puffy eyes and a red face.

The officer knocked on the window and said, "'Mister, can you please wake up.'" After the officer banged continuously on the door, appellant finally woke up. Officer Chavarria asked appellant to get out of his vehicle "to make sure that he was okay and just check on his well being." When appellant stepped out of the car, he lost his balance and started falling toward the rear of the vehicle, but the officer was able to catch him.

When Chavarria saw appellant asleep in the vehicle and when he lost his balance upon getting out of the vehicle, the officer had not decided to arrest appellant. In an effort to ascertain if appellant was able to care for himself, the officer asked appellant if he were on any drugs. Appellant admitted to having ingested cocaine and PCP. At this point the officer handcuffed appellant and asked if he could search his vehicle. Appellant said yes. The officer found a joint and a half in appellant's pockets. Another joint was found in the car and another at the time appellant was booked at jail.

■ The question for this court to resolve is whether in fact appellant was illegally detained at any time before his admission that he had ingested PCP and cocaine. The California Supreme Court in *Wilson* v. *Superior Court* (1983) 34 Cal.3d 777, 784 [195 Cal.Rptr. 671, 670 P.2d 325], explained that the United States Supreme Court in *Florida* v. *Royer* (1983) 460 U.S. 491 [75 L.Ed.2d 229, 103 S.Ct. 1319] recognized that there are three categories or levels of police contacts. First there is consensual encounters "which are those police-individual interactions which result in no restraint of an individual's liberty whatsoever—i.e., no 'seizure,' however minimal—and which may properly be initiated by police officers even if they lack any 'objective justifications.'" (*Wilson* v. *Superior Court, supra,* at p. 784.) "Second, there are what are commonly termed 'detentions,' seizures of an individual which are strictly limited in duration, scope and purpose, and which may be undertaken by the police 'if there are an articulable suspicion that a person has committed or is about to commit a crime.' (*Ibid.*) Third, and finally, there are those seizures of an individual which exceed the permissible limits of a detention, seizures which include formal arrests and restraints on an individual's liberty which are comparable to an arrest, and which are constitutionally permissible only if the police have probable cause to arrest the individual for a crime." (*Wilson* v. *Superior Court, supra,* at p. 784.)

The California Supreme Court after reviewing several United States Supreme Court cases concluded that the United States Supreme Court has now determined that "'[a] person has been "seized" within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.' [Citation.]" (*Wilson* v. *Superior Court, supra,* 34 Cal.3d at p. 790, fn. omitted.) Before *Wilson* and *Royer* the California Supreme Court was of the view that a person is detained whenever an officer accosts an individual on suspicion that the person may be personally involved in some criminal activity. (*People* v. *Bower* (1979) 24 Cal.3d 638, 643 [156 Cal.Rptr. 856, 597 P.2d 115].)

Here the officer was initially, properly concerned with appellant's welfare and even a detention on that ground would have been valid. (*People* v.

*Triplett* (1983) 144 Cal.App.3d 283 [192 Cal.Rptr. 537].) However, we are of the opinion that no detention occurred when the officer asked appellant to get out of the car. There is no indication that appellant was not free to leave. The only thing stopping appellant from leaving was his level of intoxication. The officer was merely performing a function of his duties—ascertaining whether a citizen was able to care for himself. At the time the officer asked appellant to alight from his vehicle, this would be viewed as a consensual encounter since the officer had no suspicion that appellant was involved in some criminal activity. The fact that the officer contact with appellant did not amount to a detention, does not mean that the officer could not ask appellant to get out of his vehicle. (*Pennsylvania* v. *Mimms* (1977) 434 U.S. 106 [54 L.Ed.2d 331, 98 S.Ct. 330]; *People* v. *Padilla* (1982) 132 Cal.App.3d 555, 557-558 [183 Cal.Rptr. 97].)

The officer was not required to give appellant his *Miranda* rights before he asked appellant if he were on any drugs. Appellant was not in custody and these questions were asked in order to ascertain whether appellant needed medical assistance. (See *People* v. *Robertson* (1982) 33 Cal.3d 21, 38 [188 Cal.Rptr. 77, 655 P.2d 279].) The officer's question was proper considering that appellant was unable to stand when he got out of the car. Under such circumstances it was particularly proper for the officer to assume that appellant may have overdosed on some drug.

The judgment is affirmed.

Barry-Deal, J., and Merrill, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 12, 1986.