[No. H004988. Sixth Dist. July 10, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
JESUS ROBERTO PEREZ, Defendant and Appellant.

**COUNSEL**

Harry Gruber, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Christopher J. Wei and David Rose, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**AGLIANO, P. J.**—After defendant Jesus Roberto Perez's motion to suppress evidence was denied, he pled guilty to one count of possession of phencyclidine (PCP) (Health & Saf. Code, § 11377, subd (a)) and one count of using and being under the influence of PCP (Health & Saf. Code, § 11550). He was placed on probation on condition he serve 90 days in county jail. Defendant seeks further review of his motion to suppress (Pen. Code, § 1538.5, subd. (m)), claiming he was illegally detained when a police patrol car shined its high beams and spotlights at his vehicle. We conclude for the reasons stated below that no detention occurred and affirm the judgment.

■ "On appeal, we review the evidence in a light favorable to the trial court's ruling on the suppression motion. [Citations.] We uphold those express or implicit findings of fact by the trial court which are supported by substantial evidence. [Citations.] Insofar as the evidence is uncontradicted, we do not engage in a substantial evidence review, but face pure questions of law. [Citations.] We must independently determine whether the facts support the court's legal conclusions." (*People* v. *Long* (1987) 189 Cal.App.3d 77, 82-83 [234 Cal.Rptr. 271].) In the present case, we apply federal constitutional law to determine whether the evidence should be excluded. (*Id.* at p. 83.)

A San Jose police officer testified he was in a patrol car in the early evening when he noticed two individuals in an unlit vehicle parked by itself in a motel parking lot's darkened southeast corner, which was known to be the site of drug dealing and prostitution. The officer positioned the patrol car head on with defendant's vehicle, although he left plenty of room for defendant to drive away. The officer activated the high beams as well as the spotlights on both sides of the patrol car in order to get a better look at the occupants and gauge their reactions. He did not, however, turn on the emergency lights.

After activating the lights, the officer observed a male driver and female passenger slouched over in the front seat. When they did not respond to the lights, the officer became concerned about their sobriety. He broadcast his location over police radio and indicated he was investigating a "1066"— suspicious vehicle or occupants.

The uniformed officer exited the patrol car, walked to the driver's side of the other vehicle, knocked on the window with his flashlight, identified himself, shined the flashlight into the vehicle, and asked defendant to roll down the window. After speaking in slurred speech through the window several times, defendant eventually rolled it down. The officer immediately

detected a strong odor of marijuana. The officer asked defendant to step from the car and arrested him after determining he was under the influence of PCP. The passenger was arrested for the same offense. The officer also recovered an unsmoked cigarette containing PCP which defendant had attempted to discard while alighting.

Relying on our decisions in *People* v. *Bailey* (1985) 176 Cal.App.3d 402 [222 Cal.Rptr. 235], and *People* v. *Wilkins* (1986) 186 Cal.App.3d 804 [222 Cal.Rptr. 235], defendant contends the actions of the arresting officer constituted a detention unsupported by articulable facts implicating defendant in criminal activity.

In *Bailey,* we identified the three types of police contact with persons. "The first is referred to as a 'consensual encounter' in which there is no restraint on the person's liberty. There need be no objective justification for such an encounter. The second type, called 'detention,' involves a seizure of the individual for a limited duration and for limited purposes. A constitutionally acceptable detention can occur 'if there is an articulable suspicion that a person has committed or is about to commit a crime.' The third type involves seizures in the nature of an arrest, which may occur only if the police have probable cause to arrest the person for a crime. [Citations.]" (176 Cal.App.3d at p. 405.)

In *Wilkins,* we discussed police "detention" in greater detail. "It is well established that certain temporary seizures short of arrest based upon probable cause are justifiable under the Fourth Amendment where the officer subjectively has a reasonable and articulable suspicion based upon objective facts that the person to be detained is involved in crime which has occurred, is occurring, or is about to occur. [Citations.] 'Obviously, not all personal intercourse between policemen and citizens involves "seizures" of persons. Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a "seizure" has occurred.' [Citation.] '[W]henever a police officer accosts an individual and restrains his freedom to walk away, he has "seized" that person.' [Citation.] A person has been 'seized' within the meaning of the Fourth Amendment when, in view of all of the surrounding circumstances, a reasonable person would have believed that he was not free to leave." (186 Cal.App.3d 804, 808-809.)

In *Bailey,* we held a detention occurred where an officer in an unmarked police car pulled behind a vehicle in a parking lot and turned on the emergency lights. In *Wilkins,* we held a detention occurred where an officer parked his marked police car diagonally behind the defendant's vehicle so that it could not exit a convenience store parking lot.

Although the facts of the instant case resemble those in *Bailey* and *Wilkins,* no detention occurred here. Unlike *Wilkins,* the officer parked his patrol vehicle in front of defendant's vehicle and left room for defendant's car to leave. Unlike *Bailey,* the officer did not activate the vehicle's emergency lights; rather, he turned on the high beams and spotlights only. These differences are substantial because the conduct of the officer here did not manifest police authority to the degree leading a reasonable person to conclude he was not free to leave. While the use of high beams and spotlights might cause a reasonable person to feel himself the object of official scrutiny, such directed scrutiny does not amount to a detention. (*People* v. *Rico* (1979) 97 Cal.App.3d 124, 130 [158 Cal.Rptr. 573]; *People* v. *Franklin* (1987) 192 Cal.App.3d 935, 940 [237 Cal.Rptr. 840].) Under these circumstances we, like the trial court, cannot conclude that use of the lights constituted a detention.

Once the officer noticed the vehicle's occupants were not responding to the visual stimulus and appeared intoxicated, the officer was justified in approaching the vehicle and asking defendant to roll down his window in order to ascertain whether defendant and his passenger needed medical assistance. (*People* v. *Harris* (1986) 184 Cal.App.3d 1319, 1322 [229 Cal.Rptr. 400].) After detecting the odor of marijuana, the officer could reasonably order the occupants to alight without a warrant, so the subsequent seizure of the cigarette containing PCP was lawful. (*People* v. *Divito* (1984) 152 Cal.App.3d 11, 14 [199 Cal.Rptr. 278]; *People* v. *Padilla* (1982) 132 Cal.App.3d 555, 557-558 [183 Cal.Rptr. 97].)

The judgment is affirmed.

Cottle, J., and Brauer, J.,* concurred.

---

* Assigned by the Chairperson of the Judicial Council.