575 So.2d 304 (1991)
Charles Dean MOSBY, Appellant,
v.
STATE of Florida, Appellee.
No. 89-00838.
District Court of Appeal of Florida, Second District.
February 27, 1991.
*305 Judith Ellis, St. Petersburg, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
The appellant, Charles Dean Mosby, challenges the order denying his motion to suppress evidence.
The appellant was charged by information with possession of cocaine, carrying a concealed firearm, and possession of a firearm by a convicted felon. He filed a motion to suppress the evidence that formed the basis of the charges, and the following facts were adduced at the hearing on that motion.
Officer Dennis Warren testified that at 9:50 p.m. on August 25, 1988, he received a radio dispatch directing him and his partner to the area of 1018 37th Street, N.W. in Winter Haven to investigate a suspicious vehicle. The dispatch was based on an anonymous tip that gave no description of the vehicle or its occupants. However, Officer Warren testified that the vehicle may have been described as brown in color, but he could not be certain of that.
Upon arriving at the location given him, Officer Warren observed a brown vehicle parked on private property between two trailers. He pulled the police cruiser up behind the brown vehicle, turned his high beams on, and shined the cruiser's spot light on the vehicle. The vehicle was not completely blocked in as it could have been driven off going forward. Officer Warren walked up to the driver, the appellant, and his partner walked up to the front seat passenger. Officer Warren asked the appellant why he was there, and the appellant responded that he had come to see a friend. However, he could not give the name of the friend. Officer Warren then asked the appellant for his identification, which the appellant produced, and for the vehicle registration. When the appellant opened the glove compartment to retrieve the registration, both officers shined their flashlights in the compartment and observed an ammunition box and an empty nylon gun holster. At that point, Officer Warren asked the appellant to step out of the vehicle. During his pat down of the appellant, Officer Warren discovered a Tylenol bottle containing cocaine.
In the meantime, Officer Warren's partner had searched the vehicle and found a loaded .357 Magnum handgun in a holster underneath the driver's seat. The appellant was placed under arrest.
The trial court denied the appellant's motion to suppress, finding that this is a police encounter case in which the officers acted reasonably in investigating a report of a suspicious vehicle. The appellant then entered into a plea agreement pursuant to which the state dropped the concealed firearm charge in exchange for the appellant's pleas of nolo contendere to the possession of cocaine and possession of a firearm by a convicted felon charges. The appellant specifically reserved his right to appeal the order denying his motion to suppress.
By this appeal, the appellant contends that the officers did not have a well-founded suspicion to stop him and, consequently, that the fruits of his illegal detention should have been suppressed. We agree.

*306 [W]hile there is no litmus-paper test for distinguishing a police encounter from a seizure, a significant identifying characteristic of a police encounter is that the officer cannot hinder or restrict the person's freedom to leave or freedom to refuse to answer inquiries, and the person may not be detained without reasonable objective grounds for doing so. Lightbourne v. State, 438 So.2d 380 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984).
In determining whether a police encounter occurred, the appellate court must look at the facts in light of all surrounding circumstances to determine whether a reasonable person would have believed he or she was free to leave. [Citations omitted.]
State v. Simons, 549 So.2d 785, 787 (Fla. 2d DCA 1989). Although Officer Warren stated that the appellant was free to leave by driving forward, we believe that a reasonable person in the appellant's position would not have believed he was free to do so because of the way the police cruiser was positioned, behind the appellant's vehicle with its high beams and spot light on, and the manner in which the officers approached the appellant and his passenger, each walking up either side of the appellant's vehicle. Furthermore, Officer Warren testified that he was not going to allow the appellant to leave until he satisfactorily explained his presence and, since the appellant did not give a satisfactory explanation, he was not free to leave. Thus, we find that the appellant was stopped or detained.
In order to determine whether the appellant's detention was legal, we must determine whether the officers possessed a well-founded suspicion that the appellant had committed, was committing, or was about to commit a crime. Id. We find that the officers did not possess such a suspicion because the anonymous tip on which their stop of the appellant was based did not contain sufficient indicia of reliability. See Hetland v. State, 387 So.2d 963 (Fla. 1980). The tip gave no description of the vehicle or its passengers. Consequently, the officers had no idea whether the vehicle they approached was the subject of the tip. Furthermore, the tip itself reveals that the tipster merely possessed suspicions about a vehicle, and upon their arrival at the designated location, the officers did not observe any evidence of illegal activity. "A vague anonymous tip devoid of any corroborating circumstances cannot justify the appellant's detention." Mitchell v. State, 558 So.2d 72, 74 (Fla. 2d DCA 1990).
In conclusion, we find that the appellant was illegally detained and that, therefore, the subsequent searches of the appellant and his vehicle were illegal and the fruits of those searches should have been suppressed. Accordingly, we reverse the appellant's judgments and sentences in this case and remand for further proceedings consistent with this opinion.
Reversed and remanded.
SCHOONOVER, C.J., and SCHEB, J., concur.