107 P.3d 1214

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Jesse Munro BAKER, Defendant–Respondent.**

No. 30865.

Supreme Court of Idaho,
Boise, November 2004 Term.

Dec. 22, 2004.

Rehearing Denied Feb. 24, 2005.

Hon. Lawrence G. Wasden, Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Molly J. Huskey, State Appellate Public Defender, Boise, for respondent. Eric D. Fredericksen, Deputy State Appellate Public Defender argued.

KIDWELL, Justice.

The State of Idaho appealed from the district court's order to suppress cocaine found in Baker's car. The Court of Appeals reversed the decision of the district court and denied the motion to suppress evidence. This Court granted review and reverses the decision of the district court.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

At approximately two o'clock in the morning on June 19, 2002, Officer Marshall of the Post Falls Police Department was on patrol when he observed a white vehicle driven by a male. Officer Marshall noticed the driver to display a "panic look" upon making eye contact and then the vehicle accelerated as if to get away from the officer. Officer Marshall proceeded to follow the car for about a quarter mile until it turned and entered a cul-de-sac. Officer Marshall watched as the white car stopped momentarily next to a blue car, which was parked along the side of the road, and then pulled forward and stopped in front of the blue car. At no point did Officer Marshall observe what he believed to be any law violations in the operation of these vehicles.

Officer Marshall saw five occupants in the vehicle. He was able to recognize some of the individuals in the blue car from prior criminal activity, and he was aware that some of the individuals he recognized did not live in the area. Officer Marshall pulled in behind the white vehicle and stopped his patrol car. He did not activate his overhead lights, however he did shine his spotlight briefly into the driver side rear window and rear view mirror area prior to exiting his patrol car. He then positioned the spotlight toward the rear portion of the white vehicle.

Baker, the driver of the white car, was on his way to pick up two of his friends to take them home to Spokane when he noticed the officer. When he stopped in front of the blue car, three of his friends exited the blue car and got into Baker's car. He was about to leave when he thought the officer was stopping him. He recalled that the officer's overhead lights were on, but after viewing the video of the stop at the hearing he acknowledged that it was the spotlight. Baker observed Officer Marshall get out of the patrol vehicle and walk up to his car.

Upon approaching Baker's car Officer Marshall noticed that the driver side window was rolled down, and he detected a strong odor of marijuana. He asked Baker what was going on and requested identification from Baker and his passengers. He retained Baker's license in order to run a warrant check through dispatch. Information obtained subsequent to this point led to Baker's arrest and charges before the court. Baker was charged with one count of possession of cocaine and one count of frequenting a place where controlled substances are known to be located, under I.C. § 37–2732(c)(1) and § 37–2732(d), respectively. Baker filed a motion to suppress evidence found in his car; he claimed his detention violated the Fourth Amendment of the United States Constitution and Article I, § 17 of the Idaho Constitution, which protect against unreasonable searches and seizures.

The district court determined that while Baker initially stopped on his own free will, the use of the spotlight to illuminate his car amounted to a display of authority sufficient to create a detention under the Fourth Amendment. The district court concluded that the detention violated the Fourth Amendment because it was not supported by reasonable suspicion and ordered the evidence be suppressed. The State appealed, arguing the district court erred in finding that Baker was detained upon the officer's activation of the spotlight. The Court of Appeals reversed the decision of the district court and held the use of the spotlight did not constitute a seizure. This Court granted review and holds the officer's use of a spotlight to illuminate Baker's car does not constitute a seizure under the Fourth Amendment.

## II.

### STANDARD OF REVIEW

■ The standard of review of a suppression motion is bifurcated. This Court accepts the trial court's findings of fact that are supported by substantial evidence, but freely reviews the application of constitutional principles to the facts as found. *State v. Holland*, 135 Idaho 159, 161, 15 P.3d 1167, 1169 (2000).

## III.

### ANALYSIS

**An Officer's Use Of A Spotlight To Illuminate A Parked Vehicle Does Not Constitute A Show Of Authority That Would Lead A Reasonable Person To Believe That He Was Not Free To Leave.**

■ The Fourth Amendment to the United States Constitution provides that, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." An encounter between an officer and a citizen does not trigger Fourth Amendment scrutiny, however, unless it is nonconsensual. *Florida v. Bostick*, 501 U.S. 429, 434, 111 S.Ct. 2382, 2386, 115 L.Ed.2d 389, 398 (1991). An encounter becomes a seizure only when an officer, by means of physical force or show of authority, has restrained the liberty of a citizen. *United States v. Mendenhall*, 446 U.S. 544, 553–54, 100 S.Ct. 1870, 1876–77, 64 L.Ed.2d 497, 508–09 (1980). The test for deciding whether someone has been seized by a show of authority is an objective one. *Id.* at 554, 100 S.Ct. at 1877, 64 L.Ed.2d at 509. The Supreme Court of the United States has held that a seizure occurs "only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Id.* Examples of circumstances that might indicate a seizure would be the threatening presence of several officers, the display of a weapon by an offi-

cer, physical touching of the person, or the tone or use of language indicating that compliance with an officer's request might be compelled. *Id.* In the absence of some such evidence, otherwise inoffensive contact between a citizen and an officer cannot, as a matter of law, amount to a seizure of that person. *Id.* at 555, 100 S.Ct. at 1877, 64 L.Ed.2d at 509.

The question this Court is presented with is whether Officer Marshall's use of a spotlight to illuminate Baker's car constitutes a seizure of Baker. While this Court has not addressed the issue, courts in other jurisdictions have found the use of a spotlight alone does not constitute a show of authority such that a reasonable person would not feel free to leave. For example, when an officer observed a vehicle parked in a residential area known for drug trafficking, the Court of Appeals of Arizona held that "it was not unreasonable for [the officer] to take the relatively unintrusive investigatory stop of shining a spotlight on the vehicle. Such conduct constituted neither an unlawful search of the vehicle nor seizure of Stuart." *State v. Stuart*, 168 Ariz. 83, 811 P.2d 335, 338 (Ct. App.1990). Stuart's motion to dismiss based on the claim that he was illegally stopped was denied. *Id.*

In *People v. Perez*, 211 Cal.App.3d 1492, 260 Cal.Rptr. 172 (1989), an appellate court in California held no detention occurred when an officer parked his car head on with the defendant's car, leaving enough room for defendant to drive away. *Perez*, 211 Cal. App.3d at 1494, 260 Cal.Rptr. 172. The officer used his high beams as well as the spotlights on both sides of the patrol car to more clearly see the occupants and their reactions, but he did not use his emergency lights. *Id.* The court concluded the use of the lights did not constitute a detention and defendant's motion to suppress based on his claim that he was illegally detained was denied. *Id.*

In *People v. Cascio*, 932 P.2d 1381 (Colo. 1997), the Supreme Court of Colorado held the officers' use of a spotlight and flashlights were "a matter of practical necessity as the

encounter took place when it was getting dark, and [the court did] not attribute any significance to their use." *Cascio*, 932 P.2d at 1388. The court denied defendant's motion to suppress evidence, which was based on the claim that he had been illegally detained. *Id.* at 1389.

The Supreme Court of Montana denied defendant's motion to suppress holding no detention occurred when officers pulled in behind defendant's parked car and shined a spotlight in the vehicle. *State v. Clayton*, 309 Mont. 215, 45 P.3d 30, 35 (2002). The court noted, "The police officers did not initiate the stop, but only pulled in behind [the defendant] and shined the spotlight to determine how many people were in the vehicle. The officers did not have their sirens or emergency lights on and the encounter took place on a public street." *Id.*

The Court of Appeals of Oregon found no detention took place and denied defendant's motion to suppress evidence in *State v. Calhoun*, 101 Or.App. 622, 792 P.2d 1223 (1990). It noted that "the fact that the headlights and spotlight were on did not transform the encounter into a stop" and that the officer did not park in such a way that prevented the defendant from driving away. *Id.* at 1225.

In *Stewart v. State*, 603 S.W.2d 861 (Tex. Crim.App.1980), the Court of Criminal Appeals of Texas held that the police exercised no authority when they approached a van that was parked at the end of a street and shined their spotlights into the van. *Id.* at 862.

In *State v. Justesen*, 47 P.3d 936, 939 (Utah Ct.App.2002), the Court of Appeals of Utah held that the use of headlights and take-down lights by the officer, who parked behind the defendant, to illuminate defendant's car was "no different than an officer pulling behind a vehicle parked on the side of the road in the daylight hours." *Justesen*, 47 P.3d at 939. The court concluded the encounter was voluntary. *Id.*

To support his contention that he was illegally detained, Baker relies on *Commonwealth v. Mulholland*, 794 A.2d 398 (Pa.Super.Ct.2002), a case in which the court found a detention occurred and suppressed evidence. However, that case is not factually analogous to the present case since the officer "parked his cruiser in such a fashion as to make it difficult if not impossible for the van to leave the parking lot." *Mulholland*, 794 A.2d at 402. Baker's reliance on *United States v. Packer*, 15 F.3d 654 (7th Cir.1994), is also misplaced. In *Packer*, the officers' vehicles were parked both in front and behind the Defendant's car. *Packer*, 15 F.3d at 656. In the present case, Officer Marshall parked behind Baker, leaving plenty of room for Baker to drive away.

Baker also notes that the Florida Court of Appeals held that a detention had taken place and granted a motion to suppress evidence where officers pulled up behind defendant's car and shined the spotlight on the vehicle. *Mosby v. State*, 575 So.2d 304, 305 (Fla.Dist.Ct.App.1991). However, subsequent to the decision of *Mosby*, the same court repeatedly emphasized that the use of a spotlight does not amount to a seizure. *See State v. Wimbush*, 668 So.2d 280, 281 (Fla. 2nd DCA 1996); *Hrezo v. State*, 780 So.2d 194, 195 (Fla. 2nd DCA 2001); *Siplin v. State*, 795 So.2d 1010 (Fla. 2nd DCA 2001).

Alternatively, Baker argues that had he left the scene he would likely have been guilty of fleeing or attempting to elude the police under I.C. § 49–1404, therefore he asserts a seizure occurred. In *State v. Pick*, 124 Idaho 601, 861 P.2d 1266 (Ct.App.1993), the defendant made a similar argument. *Pick*, 124 Idaho at 605, 861 P.2d at 1270. Pick had stopped her car to talk with a friend prior to the officer arriving at the scene and turning on his amber lights. *Id.* The Idaho Court of Appeals drew a distinction between using emergency lights, which by law constitute a signal to stop, and amber flashing lights, holding the use of the latter does not constitute a detention. *Id.* Baker contends that the Idaho Court of Appeals based its decision that no detention had taken place under I.C. § 49–1404 on the fact that the amber lights did not meet the requirements

of being visible in a 360–degree arc at a distance of 1,000 feet under I.C. § 49–623. *Id.* at 605, 861 P.2d at 1270. Baker points out that subsequent to the decision of *Pick,* I.C. § 49–1404 was modified to include language that the lights need not conform to the specifications provided under I.C. § 49–623. Therefore, Baker argues there is no legitimate distinction between a police vehicle's overhead lights and an officer's spotlight. However, the Idaho Court of Appeals also noted in *Pick:*

> We reiterate that Pick had stopped her truck off the roadway to visit with a friend and that her actions did not originate in response to any signal from an approaching police vehicle. The amber deck lights of the deputy's vehicle were set to flash in order to alert oncoming traffic to the vehicles off the roadway. Factually, the statutes cited by Pick do not apply to her situation.

*Id.*

Like Pick, Baker had stopped along the road prior to Officer Marshall's arrival at the cul-de-sac. His actions did not originate in response to any signal from Officer Marshall's patrol car. Regardless of whether a spotlight would have met the requirements of I.C. § 49–623, the test under I.C. § 49–1404, which remains unchanged by the amendment in 1996, is whether there "is sufficient proof that a reasonable person knew or should have known that the visual or audible signal given by a peace officer was intended to bring the pursued vehicle to a stop." I.C. § 49–1404. This Court joins the many other jurisdictions which have held that the use of a spotlight alone would not lead a reasonable person to believe that he was not free to leave, though it may be considered under the totality of the circumstances.

We acknowledge the Idaho Court of Appeals' succinct explanation regarding some of its reasoning for reversing the decision of the district court. The Idaho Court of Appeals noted:

Spotlights have the purpose of illuminating an area, enabling the officer to gain more information about the nature of the vehicle, its occupants, and the circumstances that the officer is confronting. The spotlight can significantly enhance officer safety. We agree with the State that an officer is not constitutionally required to choose between a consensual encounter in the dark or turning on a spotlight and thereby effectuating a detention that may not be supported by reasonable suspicion. A rule that an officer's use of a spotlight creates a per se detention would discourage officers from using such lights when necessary for their safety or the safety of others.

This Court agrees with the Idaho Court of Appeals' reasoning and reverses the holding of the district court. We hold that under the totality of the circumstances, the use of the spotlight to illuminate Baker's car did not constitute a seizure.

## IV.

## CONCLUSION

This Court holds that no detention occurred and denies the motion to suppress evidence. The decision of the district court is reversed and remanded for proceedings consistent with this opinion.

Chief Justice SCHROEDER and Justices TROUT, EISMANN and BURDICK, concur.