Filed 1/13/14  P. v. Ismail CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063517 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD242861) |
| AHMOD ISMAIL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Frederick Maguire and Leo Valentine, Jr., Judges.  Affirmed in part, reversed in part, and remanded.

Paul J. Katz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Sabrina Y. Lane-Erwin, Deputy Attorneys General, for Plaintiff and Respondent.

Ahmod Ismail (aka Ahmed Ismail) appeals the order granting probation after a jury found him guilty of unlawful possession and use of a controlled substance. Ismail contends the convictions must be reversed because the evidence against him was obtained by means of an unlawful detention. He also contends the trial court erred by ordering him to pay a portion of the fees for his court-appointed attorney and conditioning probation on payment of those fees. We reverse the attorney fee order and remand for a hearing on Ismail's ability to pay those fees, but otherwise affirm.

FACTUAL BACKGROUND

San Diego Police Officers Arturo Swadener and Aziz Brou were on criminal street gang suppression patrol duty during daylight hours when Swadener drove the patrol car into a parking lot known for gang activity. Swadener noticed a car backed into a parking stall far away from the other cars in the lot and saw Ismail moving in the driver seat. Swadener drove toward Ismail's car and parked approximately 10 to 12 feet in front of it, leaving enough room for Ismail to drive away without hitting the patrol car.

Swadener and Brou then exited the patrol car and walked toward Ismail's car, Swadener toward the passenger side and Brou toward the driver side. As they approached Ismail's car, Swadener noticed there were two persons besides Ismail in the car. Neither officer drew his gun or said anything to the occupants of the car during the approach. When Brou arrived at the car, he greeted the occupants and immediately saw "a baggie of a green, leafy, plant-like material in the center console," which Brou and Swadener both recognized as khat, a controlled substance with stimulant properties. (See Health & Saf. Code, § 11055, subd. (d)(7).) Brou instructed Ismail and the two

2

passengers to exit the car, observed green material in their mouths, and arrested them. The officers then searched Ismail's car and found bags of khat underneath the front seat and on the rear floor, as well as wads of chewed khat on the driver seat and on the ground outside the car.

PROCEDURAL BACKGROUND

The People charged Ismail with felony transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a)) and misdemeanor possession and use of a controlled substance (*id.*, §§ 11377, subd. (b)(3), 11550, subd. (a)).

Ismail moved to suppress the bags of khat and other evidence police found in and around his car on the ground the evidence was the product of an unlawful detention. (Pen. Code, § 1538.5.) After a hearing at which only Swadener and Brou testified, the trial court (Judge Maguire) ruled there was no detention and denied the motion.

The case then proceeded to jury trial. The jury found Ismail guilty of misdemeanor use and possession of a controlled substance, but not guilty of felony transportation.

The trial court (Judge Valentine) suspended imposition of sentence for three years and granted probation. The court also ordered Ismail to pay $570 in court-appointed attorney fees, even though it held no hearing on his ability to pay those fees. (Pen. Code, § 987.8.)

A.    *The Trial Court Correctly Denied Ismail's Suppression Motion*

Ismail complains the trial court erroneously denied his suppression motion because the bags of khat and other incriminating evidence found in and around his car

3

were obtained by police in violation of the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." (U.S. Const., 4th Amend.; see *Mapp v. Ohio* (1961) 367 U.S. 643, 655 [holding 4th Amend. and associated exclusionary rule applicable to states through 14th Amend.].) Specifically, Ismail argues he was unlawfully detained when, without reasonable suspicion, Swadener and Brou put on a "show of authority" by parking their patrol car "*directly in front* of Ismail's car," "preventing Ismail from driving straight to leave," and then taking an "encircling approach" as they exited the patrol car and walked toward him. We disagree.

"The Fourth Amendment applies to all seizures of the person, including seizures that involve only a brief detention short of traditional arrest." (*United States v. Brignoni-Ponce* (1975) 422 U.S. 873, 878.) "Obviously, not all personal intercourse between policemen and citizens involves 'seizures' of persons. Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." (*Terry v. Ohio* (1968) 392 U.S. 1, 19, fn. 16.) "[T]o determine whether a particular encounter constitutes a seizure, a court must consider all the circumstances surrounding the encounter to determine whether the police conduct would have communicated to a reasonable person that the person was not free to decline the officers' requests or otherwise terminate the encounter." (*Florida v. Bostick* (1991) 501 U.S. 429, 439.) Whether police conduct constitutes a detention or another type of seizure presents a pure question of law where, as here, that conduct is not in dispute. (*People v. Capps* (1989) 215 Cal.App.3d 1112, 1119.)

4

Under these principles, Ismail was not seized within the meaning of the Fourth Amendment. We reject Ismail's contention that the police detained him by parking their patrol car right in front of his car so that he could not drive straight ahead to leave, because, by parking 10 to 12 feet from Ismail's car, the officers "left plenty of room for [him] to drive away." (*People v. Perez* (1989) 211 Cal.App.3d 1492, 1494; cf. *People v. Franklin* (1987) 192 Cal.App.3d 935, 938, 940 [no detention when "officer pulled up directly behind [pedestrian] and stopped his car" but "did not block [pedestrian's] way"].) Nor did the officers detain Ismail when they subsequently exited the patrol car and walked toward his car. (See *Perez*, at p. 1494 [no detention when officer parked in front of defendant's vehicle, "exited the patrol car, [and] walked to the driver's side of [defendant's] vehicle"]; *People v. Sandoval* (1985) 164 Cal.App.3d 958, 961 [no detention when officer parked near pickup truck in parking lot, "got out of his car and walked up to the driver's side of the pickup to see what the occupants were doing"].) Ismail cites nothing in the record to support his assertion that the officers' approach prevented him from "driv[ing] away without likely hitting the police car ahead of him or the officers on either side." The record shows that during their approach, the officers "directed no verbal requests or commands to [Ismail]" (*Franklin*, at p. 940) and "made no show of force or attempt to physically restrain [him]" (*People v. Lopez* (1989) 212 Cal.App.3d 289, 293). Indeed, neither officer said anything until Brou arrived at Ismail's car and immediately saw the bag of khat resting on the center console. "Where officers lawfully approach a vehicle and observe in plain view contraband or other evidence of crime they are warranted in searching the vehicle and in making an arrest." (*People v.*

5

*Vallee* (1970) 7 Cal.App.3d 167, 172.) Hence, because the evidence against Ismail was not obtained by means of an unlawful detention, the trial court correctly denied his suppression motion.

The cases on which Ismail relies do not convince us otherwise. *People v. Wilkins* (1986) 186 Cal.App.3d 804 is easily distinguishable. There, a police officer "stopped his marked patrol vehicle behind [a] parked station wagon *in such a way that the exit of the parked vehicle was prevented*. Under these circumstances," the court held, "a reasonable person would have believed that he was not free to leave." (*Id.* at p. 809, italics added.) Here, by contrast, the patrol car was parked so that Ismail had enough room to drive away. *People v. Jones* (1991) 228 Cal.App.3d 519 is also not on point. In *Jones*, a police officer "pulled his patrol car to the wrong side of the road"; "parked diagonally against the traffic"; got out of the car; asked the defendant to stop; and " 'grabbed his left forearm.' " (*Id.* at p. 522.) No such "coercive" police conduct occurred in this case. (*Id.* at p. 523.) In *People v. Garry* (2007) 156 Cal.App.4th 1100, 1104, a police officer shone a spotlight on the defendant and walked " 'briskly' " toward him while asking whether he was on probation or parole. The court held these "actions constituted a show of authority so intimidating as to communicate to any reasonable person that he or she was ' "not free to decline [the officer's] requests or otherwise terminate the encounter." ' " (*Id.* at p. 1112.) In this case, however, there was no such intimidating show of authority: no spotlight, no brisk walking, and no questions.

In sum, we hold the trial court properly denied the suppression motion because Ismail was not seized within the meaning of the Fourth Amendment. We therefore need

6

not address his arguments that the police had no reasonable suspicion to detain him. (See *In re Manuel G.* (1997) 16 Cal.4th at 805, 821 [no reasonable suspicion needed when no detention].)

B.    *The Trial Court Erred by Ordering Ismail to Pay Attorney Fees Without First Conducting a Hearing on His Ability to Pay*

Ismail also complains the trial court improperly ordered him to pay a portion of the fees for his appointed attorney without conducting a hearing to determine his ability to pay, as required by Penal Code section 987.8.[1] The People respond that Ismail forfeited this complaint by not objecting to the fee order in the trial court, citing among other cases a recent decision from the Court of Appeal directly supporting the forfeiture argument. (See *People v. Aguilar* (2013) 219 Cal.App.4th 1094, review granted Nov. 26, 2013, S213571.) That case may no longer be cited, however, because, as noted, the California Supreme Court granted review after briefing was completed in Ismail's appeal. (Cal. Rules of Court, rules 8.1105(e)(1), 8.1115(a).) Other cases hold that when a defendant has not been given a hearing under section 987.8, it is appropriate to reverse the order for payment of attorney fees and remand the matter to the trial court for the

---

[1] As pertinent here, Penal Code section 987.8 provides that in any case in which a criminal defendant is provided counsel at public expense, "upon conclusion of the criminal proceedings in the trial court, . . . the trial court may, after notice and a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost thereof." (*Id.*, subd. (b).) At the hearing, the defendant has the rights "to be heard in person," "to present witnesses and other documentary evidence," "to confront and cross-examine adverse witnesses," "to have the evidence against him or her disclosed to him or her," and to receive "a written statement of the findings of the court." (*Id.*, subd. (e).) If, after the hearing, the court determines the defendant has the present ability to pay all or a part of the fees of appointed counsel, the court shall set the amount to be paid and order the defendant to pay it. (*Ibid.*)

7

statutorily required hearing.  (See, e.g., *People v. Prescott* (2013) 213 Cal.App.4th 1473, 1476; *People v. Tuggle* (2012) 203 Cal.App.4th 1071, 1081.)  Given the lack of definitive guidance from our Supreme Court on the forfeiture issue and the People's alternative suggestion that remand for a hearing on Ismail's ability to pay may be the proper remedy, we reverse the attorney fee order and remand the matter to allow the trial court to hold the hearing required by section 987.8.

For the guidance of the trial court on remand, we note our agreement with the parties that although a court may order a criminal defendant to reimburse fees for appointed counsel, it may not condition the grant of probation on payment of those fees. (*People v. Flores* (2008) 169 Cal.App.4th 568, 578; *People v. Bradus* (2007) 149 Cal.App.4th 636, 641-642.)  Thus, if, after holding the hearing required by Penal Code section 987.8, the court finds Ismail has a present ability to pay all or a portion of the fees of appointed counsel, the court may not include an order that he pay those fees as a probation condition.

## DISPOSITION

The order granting probation is reversed to the extent it requires Ismail to pay $570 in fees of appointed counsel, and the matter is remanded to the trial court to conduct the hearing on his present ability to pay in accordance with Penal Code section 987.8.  In all other respects, the order is affirmed.


                        IRION, J.

WE CONCUR:


      HUFFMAN, Acting P. J.


      O'ROURKE, J.