Filed 2/22/16  P. v. Conley CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KENNY CONLEY,<br><br>    Defendant and Appellant. | F069679<br><br>(Tulare Super. Ct. No. VCF268030)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Darryl B. Ferguson, Judge.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Catherine Chatman and Michael Dolida, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

## INTRODUCTION

Defendant Kenny Conley was found guilty of possession of a controlled substance, methamphetamine, and possession of drug paraphernalia. The trial court imposed a sentence of three years' probation, with various fines and fees. Defendant contends his convictions should be reversed because the trial court erred in denying his motion to suppress; Proposition 47 mandates automatic resentencing; and the Penal Code[1] section 1205 fine in the amount of $35 should be reduced to $30. We agree the section 1205 fine must be reduced, but in all other respects affirm.

## FACTUAL AND PROCEDURAL SUMMARY

On April 4, 2012, Officer Joel Arjona was a patrol officer with the Visalia Police Department. Around 3:46 a.m., Arjona saw a pickup truck in the parking lot of a motel with its lights on. Given the hour and that the lights were on, Arjona stopped his patrol car and went to check on the occupants.

Officer Arjona was in full uniform. He did not activate the overhead lights or siren when he pulled into the parking lot and stopped. Arjona did not block the truck or the parking lot exit in any way with his patrol car when he parked. Arjona parked his patrol car so that the truck "could have backed up" and "exited like normal."

After parking the patrol car, Officer Arjona walked over to the driver's side window of the truck, which was open. Arjona did not observe any "furtive movements" by the occupants of the truck, but the windows of the truck were tinted in the back.

The driver was defendant and there also were two passengers, a male and female, in the truck. Officer Arjona asked if anybody in the vehicle was on probation; the female responded affirmatively. Arjona and defendant engaged in "small talk" while defendant was seated in the truck, and then Arjona asked defendant if he would "exit the vehicle."

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

Arjona did not "tell" defendant he had to get out of the truck; Arjona "asked." Arjona and defendant moved about five feet away from the truck.

Officer Arjona shined his light into defendant's face and noticed that defendant's pupils remained dilated and didn't constrict. Based on his training and experience, Arjona thought defendant was under the influence of a controlled substance.

At this point, Officer Arjona asked defendant about his drug use, and defendant responded that he had used "white." Defendant said the substance: "was stuff they used to make methamphetamine with." Arjona assumed that defendant "probably has used methamphetamine," and he asked defendant if defendant had anything illegal on his person and asked if he could search defendant. Defendant agreed.

Officer Arjona conducted a search and found a small plastic baggie in defendant's right front pants pocket; the baggie contained a white crystal-like substance. Arjona placed defendant in custody. Arjona then obtained defendant's permission to search the truck and uncovered a clear glass pipe with white residue.

Defendant was transported to the jail where he was advised of his rights pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436. Defendant indicated he understood his rights and agreed to make a statement. Defendant stated that the methamphetamine was his and for personal use only; it was not for selling. Defendant said he used the methamphetamine because he needed to stay awake, as he was "up long hours."

Defendant was charged with possession of a controlled substance, methamphetamine, a violation of Health and Safety Code section 11377, subdivision (a), a felony; and possession of drug paraphernalia, a violation of Health and Safety Code section 11364.1, subdivision (a), a misdemeanor.

On May 10, 2013, a hearing was held on defendant's section 1538.5 motion to suppress evidence. The trial court found that Officer Arjona did not initially effect a

3

detention when he pulled into the parking lot; it was "an approach" that did not constitute a detention. The motion was denied.

Trial commenced on March 18, 2014. The jury found defendant guilty as charged on March 19, 2014.

On June 20, 2014, the trial court imposed sentence. Defendant was placed on probation for a period of three years, subject to serving 180 days in the county jail. A restitution fine of $500 pursuant to section 1202.4 was imposed, as well as a $500 section 1202.44 fine, suspended pending successful completion of probation. As for the balance of the fines, the trial court stated defendant was "ordered to pay $635, waive reading of the break down?" To which defense counsel responded, "Yes."

The notice of appeal was filed on June 30, 2014.

## DISCUSSION

Defendant raises three issues: (1) the trial court erred in denying his motion to suppress; (2) his felony conviction must automatically be reduced to a misdemeanor pursuant to Proposition 47; and (3) the section 1205 fine should be reduced to $30.

### I. Motion to Suppress

Defendant contends that he was illegally detained when Officer Arjona pulled into the parking lot and stood beside his truck, or when he was asked by Arjona to step out of his truck. Consequently, he maintains the evidence against him was seized as the result of an unlawful detention and should have been suppressed. We disagree.

#### *Standard of Review*

In ruling on a motion to suppress, a trial court (1) finds the historical facts; (2) selects the applicable rule of law; and (3) applies the law to the facts to determine whether the rule of law has been violated. (*People v. Williams* (1988) 45 Cal.3d 1268, 1301.) An appellate court's review of a trial court's denial of a motion to suppress is governed by well-settled principles. (*People v. Ayala* (2000) 23 Cal.4th 225, 255.) In

4

reviewing the trial court's ruling on a suppression motion, this court defers to the factual findings if supported by substantial evidence; we independently assess the legal question of whether the challenged search or seizure satisfies the Fourth Amendment. (*People v. Brown* (2015) 61 Cal.4th 968, 975.)

*Analysis*

Any determination of whether police conduct amounts to a seizure must take into account all the circumstances surrounding the incident. (*People v. Brown, supra*, 61 Cal.4th at p. 980.) Here, Officer Arjona testified at the suppression hearing that he entered the motel parking lot without using the patrol car's overhead lights or siren. He stopped the patrol car in a location that allowed defendant to back out and exit the parking lot, if he so chose. Arjona approached defendant's truck and spoke with defendant through the open window on the driver's side. Arjona asked defendant if he would step out of the truck and speak with him; Arjona did not order defendant out of the truck. After defendant stepped out of the truck, Arjona asked for permission to search him and defendant consented. Arjona testified that defendant also consented to a search of the truck.

In a case with similar facts, *People v. Perez* (1989) 211 Cal.App.3d 1492, the appellate court concluded the encounter was consensual. In *Perez,* the officer parked near a car, shined the patrol vehicle's spotlight on the car, walked to the car and tapped on the window with a lit flashlight, and the officer asked the defendant to open the window. (*Id.* at p. 1494.) The appellate court concluded that the officer did not effect a detention. (*Id.* at p. 1496.)

The sole question is whether the totality of the circumstances supports the trial court's finding that the encounter was consensual. (*People v. Linn* (2015) 241 Cal.App.4th 46, 63.) The facts and circumstances as testified to by Officer Arjona constitute a consensual encounter, not a detention. Approaching a person, requesting to

5

speak with him, and asking for permission to search do not transform an otherwise consensual encounter into a detention.  (*People v. Coulombe* (2000) 86 Cal.App.4th 52, 57 & fn. 3.)

We conclude the trial court did not err in denying the motion to suppress.  (*People v. Brown, supra,* 61 Cal.4th at p. 975.)

## II. Proposition 47

Defendant contends that because Proposition 47 was passed by the electorate before his judgment is final, he is entitled to automatic resentencing of his felony conviction as a misdemeanor.  He is mistaken.

Voters approved Proposition 47 on November 4, 2014.  (*People v. Scarbrough* (2015) 240 Cal.App.4th 916, 920.)  Proposition 47 added section 1170.18 to the Penal Code, which permits people convicted of certain drug and theft offenses sentenced as felonies to seek recall and resentencing as misdemeanors from the trial court.  (*Ibid.*)

Defendant contends that he is entitled to automatic resentencing under Proposition 47 and that this court should reduce his felony conviction to a misdemeanor.  Section 1170.18, subdivision (a) specifically states that a person currently serving a sentence for a conviction of a felony, which would have been a misdemeanor under the provisions of Proposition 47, "may petition for a recall of sentence before the trial court … to request resentencing."  Nothing in the language of section 1170.18 provides for an automatic resentencing of those convicted of felonies before passage of Proposition 47.  The very language of the code section states that a defendant must affirmatively seek relief and the trial court is to evaluate and weigh numerous factors before exercising its discretion. (§ 1170.18, subd. (b).)

To the extent defendant maintains that *People v. Estrada* (1965) 63 Cal.2d 740 mandates a retroactive application of Proposition 47 and automatic resentencing, it does not.  As we explained in *People v. Yearwood* (2013) 213 Cal.App.4th 161 where we

addressed Proposition 36, *Estrada* does not apply when the voters have established a sole remedy for resentencing as set forth in the statute. (*Id.* at p. 172.) The rationale of *Yearwood* as to whether *Estrada* applies is equally applicable to Proposition 47. (*People v. Scarbrough*, *supra*, 240 Cal.App.4th at p. 925.) In Proposition 47 the voters established a sole remedy, set forth in section 1170.18, which requires that the defendant petition for recall and resentencing in the trial court, which resentencing is at the trial court's discretion; the clear language of the statute does not provide for immediate relief in the form of an automatic retroactive application of the provisions of Proposition 47. (§ 1170.18, subd. (a) and (b); *People v. Scarbrough*, *supra*, 240 Cal.App.4th at p. 928.)

Section 1170.18, subdivision (j) provides that a defendant may seek resentencing "for a period of three years after the effective date of the act that added this section or at a later date upon a showing of good cause." This three-year time period allows a defendant to challenge his or her conviction in the appellate court before thereafter pursuing relief under section 1170.18 in the trial court. (*People v. Scarbrough*, *supra*, 240 Cal.App.4th at p. 926.)

Although we are affirming defendant's convictions, upon the judgment becoming final there is nothing that precludes him from petitioning the trial court under section 1170.18 for a recall of his sentence and resentencing. (*People v. Scarbrough*, *supra*, 240 Cal.App.4th at p. 929.)

## III.  Section 1205 Fine

Defendant notes that the trial court imposed a fine of $35 pursuant to section 1205, subdivision (d). Section 1205, subdivision (d), however, does not set forth a fine. Defendant contends that if the trial court meant to impose the fine set forth in section 1205, subdivision (e), the maximum fine is $30. The People concede the issue.

At sentencing, the trial court imposed a variety of fines as set forth in the probation report in the amount $635; defendant waived a reading of the breakdown of the

fines. The probation report indicated that $35 of the $635 was "to be considered an Accounts Receivable Fee pursuant to Section 1205(d) of the California Penal Code." As defendant points out, section 1205, subdivision (d) does not include a fine; the fine is set forth in subdivision (e). The maximum fine allowable under section 1205, subdivision (e) is $30, not $35.

It appears that the reference to subdivision (d) of section 1205 as authority for the fine is a clerical error and the imposition of a fine in the amount of $35 exceeds the statutory maximum set forth in subdivision (e) of section 1205. This court can correct the clerical error and the unauthorized sentence. (*People v. Menius* (1994) 25 Cal.App.4th 1290, 1294–1295.)

We modify the judgment to reflect the imposition of a $30 fine pursuant to section 1205, subdivision (e), and direct the preparation of an amended abstract of judgment.

## DISPOSITION

The judgment is modified to reflect to reflect the imposition of a $30 fine pursuant to section 1205, subdivision (e), instead of a $35 fine pursuant to subdivision (d) of that code section, and in all other respects the judgment is affirmed. The superior court shall prepare an amended abstract of judgment and disseminate the same to the appropriate authorities.

8