**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44818**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2018 Opinion No. 13** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: March 12, 2018** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **TYSON MICHAEL PIEPER,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order denying motion to suppress, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Tyson Michael Pieper appeals from his conviction for possession of a controlled substance, Idaho Code § 37-2732(c)(1). Pieper asserts that the district court erred by denying his motion to suppress evidence of drugs and paraphernalia found in the course of an encounter with police officers. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

While on patrol, two Coeur d'Alene police officers noticed two vehicles in a parking lot around 10:30 p.m. The officers observed a blue light inside one of the cars. After parking the patrol car, the officers approached the vehicle with the blue light, one officer on the driver's side and the other officer on the passenger's side. Both officers used flashlights to illuminate the interior of the vehicle.

1

The first officer addressed Pieper, who was sitting in the driver's seat, and asked "Can I talk to you guys?" Pieper responded in the affirmative. Within seconds of making contact, the second officer saw a jar appearing to contain marijuana sitting in plain view in the back seat of the car. After being informed about the jar, the first officer instructed Pieper to step out of the vehicle and he was placed in handcuffs. A subsequent search of the vehicle resulted in the officers finding a gun, paraphernalia, methamphetamine, morphine, oxycodone, and hydrocodone.

Pieper subsequently moved to suppress the evidence found during the course of his arrest on the basis that the initial encounter with the officers was not consensual and constituted a warrantless seizure. The district court denied the motion. Thereafter, pursuant to a plea agreement, Pieper pled guilty to possession of methamphetamine and reserved his right to appeal the denial of his motion to suppress. The district court imposed a unified sentence of five years, with one year determinate. Pieper timely appeals.

## II.

## ANALYSIS

Pieper asserts he was seized without reasonable suspicion in violation of the Fourth Amendment of the United States Constitution and art. I, § 17 of the Idaho Constitution.[1] He seeks to suppress all evidence resulting from the alleged illegal seizure. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

The Fourth Amendment to the United States Constitution, and its counterpart, art. I, § 17 of the Idaho Constitution, guarantee the right of every citizen to be free from unreasonable searches and seizures. However, not all encounters between the police and citizens involve the

---

[1] An investigative detention is permissible if it is based upon specific articulable facts that justify suspicion that the detained person is, has been, or is about to be engaged in criminal activity. *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003).

seizure of a person. *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968); *State v. Jordan*, 122 Idaho 771, 772, 839 P.2d 38, 39 (Ct. App. 1992). Only when an officer, by means of physical force or show of authority, restrains the liberty of a citizen may a court conclude that a seizure has occurred. *State v. Fry*, 122 Idaho 100, 102, 831 P.2d 942, 944 (Ct. App. 1991). A seizure does not occur simply because a police officer approaches an individual on the street or other public place, by asking if the individual is willing to answer some questions or by putting forth questions if the individual is willing to listen. *Florida v. Bostick*, 501 U.S. 429, 434 (1991); *Florida v. Royer*, 460 U.S. 491, 497 (1983). Unless and until there is a detention, there is no seizure within the meaning of the Fourth Amendment and no constitutional rights have been infringed. *Royer*, 460 U.S. at 498. Even when officers have no basis for suspecting a particular individual, they may generally ask the individual questions and ask to examine identification. *Fry*, 122 Idaho at 102, 831 P.2d at 944. So long as police do not convey a message that compliance with their requests is required, the encounter is deemed consensual and no reasonable suspicion is required. *Id.*

The United States Supreme Court, in *United States v. Mendenhall*, 446 U.S. 544, 554, (1980), stated:

> Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled.

Other circumstances that may indicate a seizure include whether an officer used overhead emergency lights or took action to block a vehicle's exit route. *State v. Willoughby*, 147 Idaho 482, 487-88, 211 P.3d 91, 96-97 (2009); *State v. Schmidt*, 137 Idaho 301, 302-03, 47 P.3d 1271, 1272-73 (Ct. App. 2002); *Fry*, 122 Idaho at 103, 831 P.2d at 945.

Pieper argues that the initial encounter with the officers was not consensual and that he was seized without reasonable suspicion when the officers approached his vehicle on either side, shined flashlights into the vehicle, and asked for identification from Pieper and his passenger. Pieper further argues that a reasonable person would not have felt free to leave upon being asked for identification pursuant to I.C. § 18-705, which prohibits resisting or obstructing an officer's lawful investigation, and/or I.C. § 49-316, which requires a driver to surrender a driver's license to a police officer upon demand.

The district court found that the officers did not seize Pieper without reasonable suspicion and that the encounter was consensual up until one of the officers observed marijuana in the car.

3

It was at that point Pieper and his passenger were ordered out of the car and detained. The court stated:

> At all times up to when [the first officer] told the defendant to get out of the car, put his hands behind their back, this is at all times a consensual encounter.
> The fact that there's two officers; that fact that it's at night, everything is-- that doesn't change my analysis. It's consensual. It's asking questions. There's no command until: "Get out of the car. Put your hands behind you back," after the statement being made by [the second officer] that he saw a big old jar of weed.
> . . . .
> It's whether a reasonable person would feel free to disregard the police officer's requests and leave. And--and I find that that isn't the case; that hasn't been proven up until the time that . . . [the first officer] says based on [the second officer's] claim that there's a big old pot of weed in the back, jar of weed in the back, "Get out of the car," [the first officer] says, and, "Put your hands behind your back." That's when there's a seizure. That's when it's no longer consensual. That's when Miranda was needed for anything not to be suppressed.

We agree with the district court. The officers did not seize Pieper without reasonable suspicion when they parked their patrol car elsewhere in the parking lot, approached Pieper's car on foot from either side of the vehicle, and shined flashlights into the interior of Pieper's vehicle. First, the officers did not block Pieper's vehicle nor activate the patrol car's overhead emergency lights. Second, the officers' use of flashlights did not make the encounter more intrusive. Our Supreme Court has held the use of lights to illuminate an area can significantly enhance officer safety and does not constitute a seizure of people in the illuminated area. *State v. Baker*, 141 Idaho 163, 165, 107 P.3d 1214, 1216 (2004). Third, the officers did not display their weapons or make any physical contact throughout the initial encounter. Nor did the officers use a tone of voice indicating compliance with their requests might be compelled. Finally, the officers lawfully asked Pieper and his passenger for identification. Even when officers have no basis for suspecting a particular individual, they may generally ask the individual questions and ask to examine identification. *Fry*, 122 Idaho at 102, 831 P.2d at 944. It was essentially at this moment that marijuana was seen in plain view in the backseat of the car. Thus, the officers did not seize Pieper without reasonable suspicion. Because the initial encounter with officers was consensual, Pieper is not entitled to suppression of any evidence resulting from the alleged illegal seizure and the district court correctly denied his motion to suppress.

Pieper further argues that the officers were in violation of the Idaho Constitution, which he contends provides greater protection from governmental interference than the United States

4

Constitution. The Idaho Supreme Court has held that the guarantees under the United States Constitution and the Idaho Constitution are substantially the same. *State v. Fees*, 140 Idaho 81, 88, 90 P.3d 306, 313 (2004). However, the Idaho Supreme Court has at times construed the provisions of our Constitution to grant greater protection than that afforded under the United States Supreme Court's interpretation of the federal Constitution. For example, in *State v. Webb*, 130 Idaho 462, 943 P.2d 52 (1997), the Court concluded the United States Supreme Court's definition of curtilage for Fourth Amendment analysis did not adequately reflect the privacy interests of Idaho citizens under Article I, § 17, of the Idaho Constitution. In *State v. Henderson*, 114 Idaho 293, 756 P.2d 1057 (1988), the Idaho Supreme Court held that roadblocks established to apprehend drunk drivers violate art. I, § 17, of the Idaho Constitution, while in *Michigan Department of State Police v. Sitz*, 496 U.S. 444 (1990), the United States Supreme Court held that such roadblocks do not violate the Fourth Amendment. In *State v. Thompson*, 114 Idaho 746, 760 P.2d 1162 (1988), the Court held that the installation of a pen register device by the government constitutes a search under the Idaho Constitution, even though in *Smith v. Maryland*, 442 U.S. 735 (1979), the United States Supreme Court had held that it did not constitute a search under the federal Constitution. In these cases, the Idaho Supreme Court provided greater protection to Idaho citizens based on the uniqueness of our state, our Constitution, and our long-standing jurisprudence. *State v. Donato*, 135 Idaho 469, 472, 20 P.3d 5, 8 (2001). However, none of these factors support a divergence from the interpretation of the Fourth Amendment by the United States Supreme Court in this case, and no Idaho appellate court has done so in regard to the issues presented here.

### III.

### CONCLUSION

Pieper was not seized without reasonable suspicion. The district court's order denying Pieper's motion to suppress is affirmed.

Judge GUTIERREZ and Judge LORELLO **CONCUR**.