# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48088

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

RONALD ALLEN DOERR, JR.,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed:  September 7, 2021

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County.  Hon. James S. Cawthon, District Judge.

Judgment of conviction for felony driving under the influence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Chief Judge

Ronald Allen Doerr, Jr., appeals from the judgment of conviction entered upon his conditional guilty plea to felony driving under the influence, Idaho Code § 18-8004(1)(a).  Doerr argues the district court erred when it denied his motion to suppress because the officer unlawfully seized him when the officer approached his vehicle while carrying a flashlight and asked Doerr to roll down his window.  Because the officer's actions did not constitute a seizure, the district court did not err in denying the motion to suppress.  Accordingly, the district court's order denying the motion to suppress is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

An officer was engaged in a traffic stop when Doerr stopped his car behind the officer's patrol car.  The officer radioed a request for an additional officer.  As the responding officer

1

approached the traffic stop, he witnessed Doerr pull away from behind the patrol car, drive into a nearby parking lot, and park his car. The responding officer parked his patrol car on the street outside the parking lot, turned on the patrol car's rear lights, but not the overhead lights, and walked over to Doerr. The officer approached Doerr's car, shone his flashlight into the car, and asked Doerr to roll down his window; Doerr complied. After Doerr rolled down the window, the officer noticed the smell of alcohol coming from inside the car, and Doerr admitted to consuming alcohol earlier that evening. Doerr appeared intoxicated and based on the officer's observations and Doerr's admission, the officer asked Doerr to step out of the car. The officer performed field sobriety tests on Doerr, which Doerr failed. Doerr consented to a breath test, which indicated Doerr's blood alcohol concentration was .169 and .170.

The State charged Doerr with felony driving under the influence. Doerr filed a motion to suppress arguing that the officer seized Doerr without reasonable suspicion. The district court denied the motion finding that the initial interaction between the officer and Doerr was consensual. The district court also found that the subsequent detention and investigation for driving under the influence was based on the officer's articulable, reasonable suspicion that Doerr was under the influence of alcohol while driving. Doerr entered a conditional guilty plea, reserving the right to appeal the denial of the motion to suppress. Doerr timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

2

## ANALYSIS

Doerr argues the district court erred in denying his motion to suppress. Mindful of the relevant precedent on the issue, Doerr contends the district court erred when it found that the initial encounter with the responding officer was consensual. In response, the State contends the district court properly denied the motion because the initial encounter was not a seizure. We agree with the district court that the initial interaction was consensual and did not constitute a seizure.

The Fourth Amendment to the United States Constitution guarantees the right of every citizen to be free from unreasonable searches and seizures. However, not all encounters between the police and citizens involve the seizure of a person. *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968); *State v. Jordan*, 122 Idaho 771, 772, 839 P.2d 38, 39 (Ct. App. 1992). Only when an officer, by means of physical force or show of authority, restrains the liberty of a citizen may a court conclude that a seizure has occurred. *State v. Fry*, 122 Idaho 100, 102, 831 P.2d 942, 944 (Ct. App. 1991). A seizure does not occur simply because a police officer approaches an individual on the street or other public place, by asking if the individual is willing to answer some questions or by putting forth questions if the individual is willing to listen. *Florida v. Bostick*, 501 U.S. 429, 434 (1991); *Florida v. Royer*, 460 U.S. 491, 497 (1983). Unless and until there is a detention, there is no seizure within the meaning of the Fourth Amendment and no constitutional rights have been infringed. *Royer*, 460 U.S. at 498. Even when officers have no basis for suspecting a particular individual, they may generally ask the individual questions and ask to examine identification. *Fry*, 122 Idaho at 102, 831 P.2d at 944. So long as police do not convey a message that compliance with their requests is required, the encounter is deemed consensual and no reasonable suspicion is required. *Id.*

Doerr acknowledges that *State v. Ray*, 153 Idaho 564, 286 P.3d 1114 (2012) and *State v. Randle*, 152 Idaho 860, 866, 276 P.3d 732, 738 (Ct. App. 2012) are instructive. In *Randle*, an officer parked behind Randle's car, left the patrol car's headlights on, approached Randle's car, and knocked on the driver's side window. *Randle*, 153 Idaho at 866, 276 P.3d at 738. This Court held that because the officer's conduct would not have communicated to a reasonable person that he or she was not at liberty to ignore the officer's presence and go about his or her business, there was not a seizure. *Id.* Similarly, in *Ray*, the Idaho Supreme Court held that a trooper's actions in

walking toward a vehicle did not constitute a seizure even though the action indicated the trooper's desire to speak with the driver of the vehicle. *Ray*, 153 Idaho at 568, 286 P.3d at 1118.

Our decision in *State v. Pieper*, 163 Idaho 732, 418 P.3d 1241 (Ct. App. 2018) is also instructive. In *Pieper*, two officers parked their patrol car and approached Pieper's car which was parked in a parking lot. *Pieper*, 163 at 733, 418 P.3d at 1242. Officers shined flashlights into the interior of the car and asked the occupants if they could speak with them; Pieper answered yes. *Id.* Shortly thereafter, officers saw a jar containing marijuana in the car and ordered Pieper out of the car. *Id.* Officers searched the car and found a gun, controlled substances, and drug paraphernalia. *Id.* Pieper moved to suppress the evidence arguing the initial interaction with officers was not consensual and was a warrantless seizure without reasonable suspicion. *Id.* This Court held that the officers' request to speak with Pieper was lawful because officers may generally ask an individual questions and ask to examine identification. *Id.* at 735, 418 P.3d at 1244. Further, we noted that an officer's use of a flashlight to illuminate the interior of a car does not constitute a seizure because the use of a flashlight does not make the interaction more intrusive and can significantly increase officer safety. *Id.*

Here, the district court found that during the initial interaction between the officer and Doerr:

> There was no threatening presence of several officers; there was only the single officer. There was no physical touching of the person of the citizen. There is no indication that the use of the language or tone of the voice asking the defendant to roll down the window indicated mandatory compliance with some type of order from law enforcement versus simply a consensual inquiry. No overhead lights were used. And the officer certainly did not block the defendant's vehicle. Defendant's vehicle was in a parking lot, so he was free to leave.

Although Doerr does not challenge these findings, he nonetheless argues the officer seized him when the officer approached Doerr's car, shined a flashlight inside the car, and asked Doerr to roll down his window. Doerr does not cite to any precedent in support of his argument. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Moreover, the district court correctly concluded that the initial encounter between Doerr and the officer was consensual. Pursuant to the Idaho Supreme Court's holding in *Ray*, and this Court's holdings in *Randle* and *Pieper*, the officer's actions in

4

this case did not constitute a seizure. Accordingly, Doerr has failed to show the district court erred by denying his motion to suppress.

## IV.
## CONCLUSION

The district court did not err in denying Doerr's motion to suppress as the initial interaction with the officer was consensual and did not constitute a seizure under the Fourth Amendment. Therefore, we affirm Doerr's judgment of conviction.

Judge GRATTON and Judge LORELLO **CONCUR**.