# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49947

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 8, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MIRANDA LYNN STROUP, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge Pro Tem

Miranda Lynn Stroup appeals from a judgment of conviction for possession of a controlled substance. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Stroup with possession of a controlled substance. I.C. § 37-2732(c)(1)(f). Officers were preforming a business check at a gas station in the early morning hours when they noticed a parked vehicle with a temporary sticker from out of state and a male standing near the vehicle. One of the officers remembered seeing the same vehicle at the same gas station about a week prior. Due to suspicions that the vehicle was stolen and that the male was

1

living in the vehicle, the officers decided to approach the vehicle. The male was no longer standing near the vehicle when the officers first approached.

The first officer approached the gas station and met the male as he exited. The male appeared nervous upon first contacting one of the officers. He also told the officer that he came to the gas station with his girlfriend, Stroup, because she became ill and needed to shower. The first officer then asked the male if the officer could see the vehicle identification number (VIN) of the vehicle because there had been an influx of stolen vehicles in the area. While checking the VIN, the first officer noticed a roll of tinfoil and coloring books inside the car. The vehicle was determined to not be stolen and Stroup (who was not yet present) was identified as the owner of the car. The first officer asked if there was anything illegal in the vehicle. The male admitted there were some "marijuana roaches" on the floor. The officers then decided to search the vehicle and discovered a bag on the floorboard with additional roaches and a small black scale. Also, the officers found tinfoil with black residue and a cylindrical container with a white crystalline residue. A bag with Stroup's information was also found inside the vehicle.

Stroup, who by this time had returned to her car, and the male were arrested and charged with multiple counts of possession of a controlled substance. Stroup moved to suppress the evidence, arguing that the evidence was obtained in violation of her Fourth Amendment rights. Stroup asserted there was neither probable cause nor reasonable suspicion to justify the stop, interrogation, or subsequent search. The district court found that the initial encounter with the male and the officers was consensual, and therefore his statements admitting to the presence of drugs were given voluntarily. Additionally, the district court found that the evidence obtained from the vehicle could be used against Stroup because the discovery did not violate her constitutional rights. Pursuant to a plea agreement, Stroup entered a conditional plea of guilty to possession of a controlled substance. Stroup appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a

2

suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Stroup asserts that the district court erred in denying her motion to suppress the evidence obtained from the search of the vehicle because her co-defendant, the male, was subject to a warrantless seizure without reasonable suspicion which led to the search of her vehicle. Stroup asserts that, because the seizure was a violation of the co-defendant's Fourth Amendment rights, the subsequent search was fruit of an illegal seizure and should be suppressed.

The Fourth Amendment to the United States Constitution, and its counterpart, Article I, Section 17 of the Idaho Constitution, guarantee the right of every citizen to be free from unreasonable searches and seizures. However, not all encounters between the police and citizens involve the seizure of a person. *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968); *State v. Jordan*, 122 Idaho 771, 772, 839 P.2d 38, 39 (Ct. App. 1992). Only when an officer, by means of physical force or show of authority, restrains the liberty of a citizen may a court conclude that a seizure has occurred. *State v. Fry*, 122 Idaho 100, 102, 831 P.2d 942, 944 (Ct. App. 1991). A seizure does not occur simply because a police officer approaches an individual on the street or other public place by asking if the individual is willing to answer some questions or by putting forth questions if the individual is willing to listen. *Florida v. Bostick*, 501 U.S. 429, 434 (1991); *Florida v. Royer*, 460 U.S. 491, 497 (1983). Unless and until there is a detention, there is no seizure within the meaning of the Fourth Amendment and no constitutional rights have been infringed. *Royer*, 460 U.S. at 498. Even when officers have no basis for suspecting a particular individual, they may generally ask the individual questions and ask to examine identification. *Fry*, 122 Idaho at 102, 831 P.2d at 944. So long as police do not convey a message that compliance with their requests is required, the encounter is deemed consensual, and no reasonable suspicion is required. *Id.* The critical question is whether a reasonable person would have felt free to disregard the police, decline the officer's request, or otherwise terminate the encounter. *State v. Linenberger*, 151 Idaho 680, 684, 263 P.3d 145, 149 (Ct. App. 2011).

3

Stroup asserts that her co-defendant was unlawfully seized prior to disclosing the presence of marijuana roaches in the vehicle. Stroup supports this assertion by stating that a reasonable person would not have felt free to leave after an officer "approached that person in the middle of the night, effectively accused them of having a stolen vehicle, ran the VIN for the vehicle through dispatch, and continued to ask questions about the presence of contraband in the vehicle even after the vehicle returned not to be stolen." The State asserts that the initial encounter was consensual and never rose to the level of detention and that the subsequent search of the vehicle was supported by probable cause.

Some factors that might indicate a seizure are a threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person, or the use of language or tone of voice indicating compliance with the officer's request might be compelled. *United States v. Mendenhall*, 446 U.S. 544, 554 (1980); *State v. Pieper*, 163 Idaho 732, 734, 418 P.3d 1241, 1243 (Ct. App. 2018). Other circumstances include whether an officer used overhead emergency lights or took action to block a vehicle's exit route. *State v. Willoughby*, 147 Idaho 482, 487-88, 211 P.3d 91, 96-97 (2009). The Idaho Supreme Court recently recognized that a seizure occurred when a citizen asked to leave and the officer said, "hold on," "stay here," and "my lieutenants want to know who I'm talking to." *State v. Hollist*, 170 Idaho 556, 563, 513 P.3d 1176, 1183 (2022).

Here, the district court's findings, underlying its conclusion that the encounter was consensual, are supported by substantial evidence. The record does not suggest that the police officers blocked the vehicle from leaving the parking lot. The officers were driving an unmarked vehicle, and the record does not suggest the officers used overhead emergency lights. The district court heard evidence that the first officer approached the male co-defendant alone. At no point during the initial encounter did the officers display a weapon or touch the co-defendant, nor is there evidence that the officer's tone of voice or language indicated that compliance would be compelled. The district court heard evidence that the officer never demanded the co-defendant open the door but, rather, the co-defendant walked to the vehicle and opened the door voluntarily. As the co-defendant exited the gas station, he was first approached by one officer, answered questions regarding his identification and provided law enforcement his name and date of birth, and opened the door of the vehicle and allowed officers to check the VIN.

4

During the encounter with law enforcement, it was revealed that Stroup was the owner of the vehicle, she was travelling in the vehicle prior to arriving at the gas station, and her identification was found in the vehicle. Based on these facts, Stroup was also charged with possession of a controlled substance. Because Stroup failed to show that the co-defendant was unlawfully seized in violation of his Fourth Amendment rights, or that the subsequent search of Stroup's car was otherwise unlawful, she has not shown error in the district court's denial of her motion to suppress evidence.

## IV.

## CONCLUSION

Stroup has failed to show that her co-defendant's encounter with law enforcement resulted in an unlawful seizure. Because Stroup has failed to show the district court erred in denying the motion to suppress, her judgment of conviction for possession of a controlled substance is affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.