**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49889**

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>RACHEL COLLEEN PEN,<br><br>      Defendant-Appellant. | **Filed:  January 31, 2024**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. Richard S. Christensen, District Judge.

Order denying motion to suppress and judgments of conviction, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Rachel Colleen Pen appeals from her judgments of conviction for possession of a controlled substance and possession of drug paraphernalia.  Pen argues the district court erred in denying her motion to suppress evidence during an unlawful seizure, thus, violating her constitutional rights provided by the Fourth Amendment to the United States Constitution.  Pen's initial encounter with law enforcement was consensual, and she was not seized until the officer had probable cause for the seizure.  The order denying Pen's motion to suppress and her judgments of conviction are affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

While on patrol one evening, Officer Debias noticed a small four-door vehicle, with a driver inside, parked in a high-drug activity area.  Because the vehicle was parked in a high-drug

1

activity area, Officer Debias checked on the occupant of the vehicle. Officer Debias parked his patrol vehicle about twenty feet away in a separate parking stall. When he approached the vehicle, the driver's side window was down, and Pen, the driver, was sitting in the driver's seat eating. No one else was in the vehicle. At the time Officer Debias contacted Pen, he did not see any potential criminal activity occurring. Officer Debias contacted Pen and told her the area in which she was parked is a high "drug activity area," so he "checks on people, [to] make sure everybody's all right." Pen responded that she was eating lunch while on a break from work. Officer Debias, in a conversational tone, asked Pen questions about her job, to which she responded.

Officer Debias and Pen talked for about ninety seconds, at which time Officer Bangs arrived with a drug dog. Officer Bangs parked some distance away from Pen's vehicle. Neither officer's vehicle was parked in a manner that would block Pen's vehicle. Neither patrol vehicle had its emergency lights activated. Both officers had service weapons, were in uniform, and used flashlights. Officer Bangs deployed his drug dog while Officer Debias and Pen were talking. Within approximately thirty seconds of Officer Bangs' arrival, and while Officer Debias and Pen were still talking, Officer Bangs informed Officer Debias that the drug dog alerted on Pen's vehicle for a controlled substance. Officer Debias then told Pen that he would be searching her vehicle. After asking Pen to step out of the vehicle, Officer Debias searched Pen's vehicle and found drug paraphernalia. Pen was arrested and disclosed she had drugs on her person.

Pen was charged with one count of possession of a controlled substance, heroin, Idaho Code § 37-2732(c)(1), for drugs found in the vehicle, one count of possession of a controlled substance, methamphetamine, I.C. § 37-2732(c)(1), for drugs found on her person, and possession of drug paraphernalia, I.C. § 37-2734A(1). Pen filed a motion to suppress the evidence, arguing the initial encounter was an unconstitutional seizure. Officers Bangs and Debias testified at a hearing on the motion. After listening to testimony and argument, the district court found the encounter between Officer Debias and Pen was consensual and Pen was not seized until the drug dog alerted. As a result, the district court denied the motion to suppress.

Subsequently, upon motion by the prosecutor for insufficient evidence, the district court dismissed the possession of heroin charge. Pen entered a conditional guilty plea to the remaining charges, reserving her right to appeal. Pen appeals from her judgments of conviction, asserting the district court erred in denying her motion to suppress.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

At issue in this case is whether Pen was seized prior to the drug-dog alert. Pen argues she was seized during her initial encounter with Officer Debias, or in the alternative, when Officer Bangs arrived and stood with the dog at her vehicle's passenger side window. Pen asserts that because she was subject to an illegal seizure and search, the exclusionary rule requires that all the evidence obtained from the search be suppressed, her conviction be vacated, and her case be remanded. The State argues the interaction between Officer Debias and Pen was consensual and Pen was not seized until Officer Debias asked her to step out of the vehicle after the drug dog alerted on her vehicle.

The Fourth Amendment to the United States Constitution, and its counterpart, Article I, Section 17 of the Idaho Constitution, guarantee the right of every citizen to be free from unreasonable searches and seizures. However, not all encounters between the police and citizens involve the seizure of a person. *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968); *State v. Jordan*, 122 Idaho 771, 772, 839 P.2d 38, 39 (Ct. App. 1992). Only when an officer, by means of physical force or show of authority, restrains the liberty of a citizen may a court conclude that a seizure has occurred. *State v. Fry*, 122 Idaho 100, 102, 831 P.2d 942, 944 (Ct. App. 1991). A seizure does not occur simply because a police officer approaches an individual on the street or other public place, by asking if the individual is willing to answer some questions, or by putting forth questions if the individual is willing to listen. *Florida v. Bostick*, 501 U.S. 429, 434 (1991); *Florida v. Royer*, 460 U.S. 491, 497 (1983).

3

Unless and until there is a detention, there is no seizure within the meaning of the Fourth Amendment and no constitutional rights have been infringed. *Royer*, 460 U.S. at 498. "Even when officers have no basis for suspecting a particular individual, they may generally ask the individual questions and ask to examine identification." *Fry*, 122 Idaho at 102, 831 P.2d at 944. "So long as police do not convey a message that compliance with their requests is required, the encounter is deemed consensual and no reasonable suspicion is required." *Id.* "[P]olice have the right to approach a parked vehicle and ask the occupants questions, even if no obvious criminal activity is afoot." *State v. Randle*, 152 Idaho 860, 865-66, 276 P.3d 732, 737-38 (Ct. App. 2012); *see State v. Zubizareta*, 122 Idaho 823, 827, 839 P.2d 1237, 1241 (Ct. App. 1992).

"Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." *State v. Pieper*, 163 Idaho 732, 734, 418 P.3d 1241, 1243 (Ct. App. 2018) (quoting *United States v. Mendenhall*, 446 U.S. 544, 554 (1980)). Other situations where a seizure has been found include when officers activate overhead emergency lights or block a vehicle's exit route. *State v. Willoughby*, 147 Idaho 482, 487-88, 211 P.3d 91, 96-97 (2009); *Pieper*, 163 Idaho at 734, 418 P.3d at 1243; *Fry*, 122 Idaho at 103, 831 P.2d at 945. However, officers' use of flashlights has not been held to make an encounter more intrusive. *State v. Baker*, 141 Idaho 163, 165, 107 P.3d 1214, 1216 (2004); *Pieper*, 163 Idaho at 735, 418 P.3d at 1244.

This Court held in *Pieper* that a defendant was not seized when officers parked their patrol vehicle elsewhere in a parking lot, approached the defendant's vehicle on foot from either side of the vehicle, and shined flashlights into the interior of the defendant's vehicle. *Pieper*, 163 Idaho at 735, 418 P.3d at 1244. The *Pieper* Court found that because officers did not block the defendant's vehicle, activate their patrol vehicle's overhead emergency lights, display their weapons, make any physical contact with the defendant, or use a tone of voice indicating compliance with their requests might be compelled, the initial encounter was consensual. *Id.* Only when an officer observed contraband in plain view inside the defendant's vehicle did the encounter become a seizure. *Id.*

Pen argues she was seized without reasonable suspicion before the drug-dog alert. Pen asserts the circumstances of her encounter with Officers Debias and Bangs, considering that

4

neither officer told Pen she was free to leave, would convey to any reasonable person she was not free to leave. To support her argument, Pen points to the fact that she was alone at night in a nearly empty parking lot when an officer continuously shined his flashlight on her face and person while talking with her about drug activity and asking her questions. Additionally, Pen argues the arrival of the second patrol vehicle and Officer Bangs' "swift, unambiguous actions" targeting Pen with his drug dog would convey to any reasonable person they were not free to ignore the presence of the officers and simply leave. Pen argues having one officer on each side of her vehicle, and their targeted conduct, would have communicated to any reasonable person that she was required to remain on the scene.

The district court found the officers did not seize Pen, and the encounter was consensual until the drug-dog alert. The court stated:

> In this case, taking into account all of the facts, that being that the encounter was initially consensual and that the officers made no commands to the defendant, that again the tone was not commanding, defendant was merely sitting in her car and eating her lunch, the Court finds that the majority of Idaho case law allows law enforcement conduct similar to this in the case and finds that such encounters are consensual rather than seizures.

The district court further stated:

> That is what the Court finds here, that it was not the case that Ms. Pen was seized prior to the drug dog alerting on the car. Neither officer had displayed [his] weapons or made any command to the defendant before the alert.

We agree with the district court. In this case, both officers parked their patrol vehicles away from Pen, did not physically block her vehicle, did not activate their patrol vehicles' overhead emergency lights, or display any weapons. Next, Officer Debias's conversational tone and use of a flashlight did not make the interaction intrusive or a seizure. Likewise, Officer Debias informing Pen about known drug activity in the area did not transform the otherwise consensual contact into a seizure. When speaking with a citizen during a consensual encounter, "[s]o long as police do not convey a message that compliance with their requests is required, the encounter is deemed 'consensual' and no reasonable suspicion is required." *Fry*, 122 Idaho at 102, 831 P.2d at 944. In this case, Officer Debias merely informed Pen why he was speaking with her and followed up with unrelated questions about her work. Likewise, Officer Bangs' arrival and deployment of the drug dog did not transform the encounter into a seizure because the mere presence of multiple officers is insufficient to show a seizure occurred. *See Pieper*, 163 Idaho at 735, 418 P.3d at 1244.

5

The district court did not err in concluding the encounter between Officer Debias and Pen was consensual. Thus, Pen was not seized until Officer Debias informed her the drug dog alerted on her vehicle because it was only then that she was no longer free to leave. A reliable drug-dog's alert on the exterior of a vehicle, standing alone, is sufficient to establish probable cause for a warrantless search of the interior. *State v. Anderson*, 154 Idaho 703, 706, 302 P.3d 328, 331 (2012). Thus, the officers had probable cause to search the interior of Pen's vehicle and, as a result, the evidence was not illegally obtained. Therefore, the district court did not err in denying Pen's motion to suppress.

## IV.

## CONCLUSION

The encounter between the officers and Pen was consensual and, thus, was not a seizure under the Fourth Amendment. When the drug dog alerted on Pen's vehicle, the officers had probable cause to search the interior of her vehicle. Therefore, we affirm the district court's order denying Pen's motion to suppress and her judgments of conviction.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.